# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA PARRA, | 1:10cv1675 LJO GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | (Document 32) |
| Defendant. | |

Petitioner, Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Christina Parra ("Plaintiff"), filed the instant Motion for Attorney's Fees on March 19, 2013. (Doc. 32). Counsel requests fees in the amount of $9,172.60 pursuant to 42 U.S.C. § 406(b)(1).

Plaintiff has not objected to the request. Defendant, Carolyn Colvin, Commissioner of Social Security ("Defendant"), filed a response to the motion. (Doc. 34). Attorney Bosavanh did not file a reply. Upon a review of all of the pleadings, the Court recommends that the Motion for Attorney's Fees be granted.

## **BACKGROUND**

Plaintiff filed her social security complaint on September 14, 2010. (Doc. 1). On March 2, 2012, after reviewing the parties' briefs, this Court issued Findings and Recommendations recommending that the case be remanded to the Commissioner of Social Security for a calculation of benefits. (Doc. 19). The Findings and Recommendations were adopted by the

United States District Court Judge Lawrence J. O'Neill and judgment was entered in favor of the Plaintiff on March 21, 2013. (Docs. 20 & 21).

On November 5, 2012, the Court granted the parties' stipulation and ordered payment of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,900.00. (Doc. 28). On March 13, 2013, the Commissioner issued a decision granting Plaintiff's application for benefits. Plaintiff received $36,690.40 in retroactive benefits. (Doc. 32-2). The Commissioner withheld $9,172.60 from the past-due benefit for attorney fees. This amount equals 25 percent of the retroactive benefit award. *Id*.

In the motion, counsel seeks $9,172.60 for 43.3 hours of attorney services. After crediting $3,900.00 received previously pursuant to the EAJA, Counsel requests a net fee of $5,272.60 from the past-due award.

## **DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." The Court must respect "the primacy of lawful attorney-client fee agreements," *Id.* at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness," *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.* "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* Ultimately, an award of section

406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that : (1) no reduction in fees due to substandard performance was warranted when the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved especially when taking into consideration the risk assumed in these cases. *Crawford v. Astrue*, 586 F. 3d at 1151-1152.

Here, there is no indication that a reduction of fees in warranted for substandard performance. Counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no indication that Counsel was responsible for any delay. Finally, although Counsel requests the full 25 percent contingent-fee, Plaintiff agreed to the fee at the outset of the representation. The amount of $9,172.60 ($5,272.60 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $36,690.40. In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. See *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting Grisbrecht, 535 U.S. at 807)). Moreover, the Court finds that the requested fee is reasonable when compared to other attorney fee awards granted in this district. *See generally, Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00)); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D.

Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00)); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62)).

## RECOMMENDATIONS

Given the above, counsel is entitled to a 406(b) award in the amount of $9,172.60. Therefore, the Court recommends that the motion be GRANTED in the amount of $9,172.60. Pursuant to Counsel's request, the Court recommends that this amount should be payed directly to attorney Sengthiene Bosavanh.  Upon payment, Counsel is shall refund $3,900.00 to Plaintiff.

IT IS SO ORDERED.

Dated:   **May 31, 2013**          /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE